DELANA LUCE, *Compl'nt, versus* HENRY T. BURBANK.

On a warrant, issued April, 1867, upon a complaint under the bastardy statute, and ordering the arrest and return of the respondent before a trial justice, " to find sureties for his appearance at the next term of the S. J. Court to be holden * * * on the third Tuesday of Sept., 1867,". the re- ·spondent was arrested, July, 1868, when he gave bond in due form for his appearance at the Sept. term, 1868, at which term he seasonably filed a motion to quash the proceedings :— *Held,*

1. That the delay beyond the first term in arresting the respondent did not vitiate the complaint and warrant;

2. That the words, " on the third Tuesday of Sept., 1867," may be rejected as surplusage, and leave sufficient in the warrant to authorize the subse- quent proceedings ; and,

3. The fact that the arrest was not made until after the birth of the child did not vitiate the warrant issued before the birth.

ON EXCEPTIONS.

COMPLAINT under R. S., c. 97, concerning " bastard chil- dren and their maintenance."

The presiding Judge sustained a motion to quash, for cer- tain reasons, which sufficiently appear in the opinion ; and thereupon the complainant alleged exceptions.

*H. L. Whitcomb,* for the complainant.

*D. D. Stewart,* for the respondent.

The statute provides for two classes of cases, — one, be- fore the birth, and the other after. R. S., c. 97, § 1.

The proceedings are *sui generis,* and the provisions of the statute must be strictly complied with. *Drowne* v. *Stimpson,* 2 Mass., 444 ; *Fisher* v. *Shattuck,* 17 Pick., 254 ; *Oakes* v. *Munroe,* 8 Cush., 284.

The remedy " has the incidents of a civil process." *Eaton* v. *Elliott,* 28 Maine, 438 ; " as much so as if it were a special action on the case." *Wilbur* v. *Cram,* 13 Pick., 289 ; *Ma- honey* v. *Crowley,* 36 Maine, 486 ; *Smith* v. *Lent,* 37 Maine, 546 ; and is amendable. *Bailey* v. *Chesley,* 10 Cush., 284 ; *Hill* v. *Wells,* 6 Pick., 105 ; *Beals* v. *Furbush,* 39 Maine, 472.

Luce *v.* Burbank.

The warrant not having been served until after the return day therein mentioned, was *functus officio*, and the service void. New process must be sued out.

A respondent, under this statute, cannot be arrested after the birth of the child, except upon a warrant issued on a complaint which sets out the fact of the birth. *Knowlton* v. *Rowe*, 16 Maine, 38. Courts will take notice of the ordinary course of nature. *Woodward* v. *Shaw*, 18 Maine, 307.

Barrows, J.—The complainant, on the 8th day of April, 1867, accused the respondent, before a trial justice, of having begotten her with child, on or about the 30th of September, 1866, alleging that the child, if born alive, might be a bastard, and praying process for the apprehension of the respondent, so that he might be held to answer to the complaint. The trial justice forthwith issued his warrant commanding the officer to bring the respondent before him or some other trial justice, " to find sureties for his personal appearance at the next term of the Supreme Judicial Court, to be holden at Norridgewock, within and for the county of Somerset, on the third Tuesday of September, 1867, and to abide such order or orders as shall be made in the premises."

The officer did not succeed in getting service on the respondent until July 22, 1868, when, on being arrested and taken before a magistrate, he gave bond to appear at the September term, 1868, and, on the second day of that term, moved to quash the proceedings against him, on the ground that the justice's warrant had expired by its own limitation, that his arrest thereon was illegal, and that the process was not sufficient to give this Court jurisdiction; and because, as according to the course of nature the child must have been born before he was arrested, the complaint is defective in not alleging that fact.

He seeks to maintain these grounds here, but we think neither of them tenable. Sections 1 and 2, of chap. 97 of the R. S., provide for the examination of the mother and the issuing of a warrant either before or after the birth of

the child.    Section 3 directs that, "when the person is brought before such or any other justice, he may require him to give bond," &c., " conditioned for his appearance at the next Supreme Judicial Court for the county in which she resides, and for his abiding the order of the Court thereon."

This direction was duly and regularly complied with in this case.    The respondent was well advised by the terms of his bond when he was to appear.

Although a bastardy process is in substance a civil suit, the initiatory steps are criminal in form.    Delay beyond the first term in effecting the arrest does not vitiate complaint and warrant.    What is said in the warrant respecting the September term, 1867, may be rejected as surplusage, and the respondent still be rightfully required to give bond to answer at the term next succeeding his arrest.    The warrant is not like a writ in civil cases, necessarily returnable at the next term of the Court, which affords sufficient time for legal service.    It is returnable before a magistrate when and so soon as the order to arrest can be complied with.

Moreover, if there were substance in the respondent's objection, originally, it should have been taken before the magistrate.    By giving bond without objection, according to the magistrate's order, he must be held to have waived it.

The complaint must set forth things truly as they are when the warrant is prayed for and issued.    In this case the warrant issued before the birth of the child.    The failure to get service until after the birth does not vitiate it.    The case can never proceed to trial until a declaration alleging the birth, and sundry other statute requisites, has been filed, and the respondent cannot be prejudiced by being called to answer to a complaint in which the alleged time of conception cannot have been predicated upon the actual date of the birth.                              *Exceptions sustained.*

APPLETON, C. J., KENT, WALTON, DANFORTH and TAPLEY, JJ., concurred.